UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL L. JARNAGIN

Plaintiff,

v.

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN and PEPSICO EMPLOYEE HEALTH CARE PROGRAM,

Defendants.

Case No. 21-329

HON. ___________________________
United States District Judge

HON. ___________________________
United States Magistrate Judge

**COMPLAINT**

Now comes Plaintiff Michael Jarnagin, by and through counsel, and for his Complaint against Defendants, alleges as follows:

## Nature of Action

1. This is an action to:

   a. Enforce the terms of a welfare benefit plan administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as authorized under 29 U.S.C. § 1132(a)(3);

   b. Enjoin acts and practices which violate ERISA, as authorized under 29 U.S.C. § 1132(a)(3); and

   c. To the extent that Plaintiff's funds are subject to an equitable lien imposed by an ERISA benefit plan, require reimbursement by a Michigan no-fault automobile insurance company.

## Jurisdiction and Venue

2. This Court has exclusive jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

**Parties**

5. Plaintiff Michael Jarnagin (hereinafter "Mr. Jarnagin") is a resident of Ottawa County, Michigan.

6. Defendant Farm Bureau General Insurance Company of Michigan (hereinafter "Farm Bureau") is a Michigan insurance company that regularly conducts business in Ottawa County.

7. Defendant PepsiCo Employee Health Care Program (hereinafter "PepsiCo Plan") is a welfare benefit plan administered ″solely in the interest of the participants and beneficiaries″ of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1), including employees of PepsiCo, Inc. throughout Michigan. The PepsiCo Plan is an entity that may sue or be sued under ERISA, 29 U.S.C. § 1132(d)(1), and the administrative office of the PepsiCo Plan is located in White Plains, New York.

**General Allegations**

8. At all material times, Mr. Jarnagin has been covered under a contract of Michigan no-fault automobile insurance with Farm Bureau, including coverage for personal injury protection (PIP) benefits.

9. At all material times, Mr. Jarnagin also has been covered for health benefits as an employee participant of the PepsiCo Plan.

10. On September 26, 2019, Mr. Jarnagin suffered serious injuries when he was driving his pickup truck on Baldwin Street in Georgetown Township, and a car driven by Monica Beth Koole traveling in the opposite direction suddenly turned in front of Mr. Jarnagin without yielding, causing the vehicles to crash.

11. As a result of the September 26, 2019 crash, Mr. Jarnagin suffered serious injuries including but not limited to fractures of his left leg, left hip, left arm, sternum, ribs, and pelvis.

12. As a result of the September 26, 2019 crash, Mr. Jarnagin has required extensive medical treatment.

13. Payment of many of Mr. Jarnagin's medical expenses has been advanced by the PepsiCo Plan.

14. Due to the nature and extent of the injuries he suffered in the September 26, 2019 crash, Mr. Jarnagin has suffered a serious impairment of body function within the meaning of M.C.L. § 500.3135, thereby entitling Mr. Jarnagin to recover noneconomic damages from Monica Koole and the owner of the vehicle she was driving, Gladys Koole.

15. A lawsuit seeking recovery of Mr. Jarnagin's noneconomic third-party damages is now pending as Case No. 20-6345-NI before the Hon. Jon Hulsing in Ottawa County Circuit Court.

16. The PepsiCo Plan's subrogation contractor, Meridian Resource Company, has claimed that the PepsiCo Plan is entitled to reimbursement from Mr. Jarnagin's potential third-party recovery of the medical expenses advanced by the PepsiCo Plan for Mr. Jarnagin's accident-related care.

17. Meridian claims that the PepsiCo Plan is a self-funded welfare benefit plan administered under ERISA.

18. As of March 8, 2021, Meridian has demanded reimbursement of $94,250.40 advanced by the PepsiCo Plan to satisfy $145,102.31 in medical provider billings.

19. Meridian has supplied a summary plan description (SPD) for the PepsiCo Plan that includes terms claiming a right to reimbursement of advanced medical expenses from any "third party" who "may be responsible for paying your medical expenses."

20. The PepsiCo Plan SPD defines a "third party" in this context to include:

> any individual, entity, person or other party responsible for causing your loss or injury or responsible for making any payment to you or your dependents due to your or your dependent's accident, injury or illness, including uninsured motorist

> coverage, underinsured motorist coverage, traditional fault-based automobile insurance coverage, no-fault automobile insurance coverage, homeowner's/renter's insurance, personal umbrella coverage, Workers' Compensation coverage and any first-party insurance coverage.

21. This definition of "third party" clearly encompasses the no-fault PIP insurance coverage provided to Mr. Jarnagin by Farm Bureau.

22. Mr. Jarnagin has forwarded the PepsiCo Plan reimbursement request to Farm Bureau.

23. The Farm Bureau insurance contract provides PIP coverage for all of Mr. Jarnagin's allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for his care, recovery, or rehabilitation arising from the September 26, 2019 crash.

24. Nevertheless, Farm Bureau has refused to reimburse the PepsiCo Plan.

25. The PepsiCo Plan SPD also recites a subrogation provision entitling the PepsiCo Plan to pursue a third party directly:

> When another party is legally responsible or agrees to compensate you or your dependent for an accident, illness or injury for which the plan has paid benefits, the plan has the same rights ("right of subrogation") that you and your dependent have against the party.

26. Thus, the PepsiCo Plan apparently has the right to pursue its lien directly against Farm Bureau, but the PepsiCo Plan has declined to do so.

27. Moreover, the PepsiCo Plan has declined to pursue reimbursement from Farm Bureau even though the PepsiCo Plan SPD contains "Special Rules" of coordination that purportedly make Farm Bureau's coverage primary in order of priority:

> Even if a PepsiCo medical option is your normal primary or secondary health plan, in all events, any Workers' Compensation coverage, the medical or other compensation component of a personal umbrella insurance policy or contract, the medical or other compensation component of any homeowner's/renter's insurance policy or contract and any group or individual automobile insurance policy or contract (including uninsured motorist coverage, underinsured motorist coverage, traditional fault-based automobile insurance coverage and no-fault automobile insurance coverage) will be the primary plan for accidents and injuries that are covered by, reimbursable by or for which compensation is otherwise payable by the applicable policy or contract. The PepsiCo medical options will then pay secondary. In addition, for employees and dependents covered by no-fault automobile insurance, all medical expenses related to an automobile accident should be submitted to the automobile insurance carrier first. The PepsiCo medical options will pay covered expenses only according to the coordination of benefit rules discussed above.

28. Thus, the PepsiCo Plan SPD expressly disavows coverage of any expenses that may be covered by no-fault automobile insurance such as the Farm Bureau insurance contact.

29. Mr. Jarnagin has offered to cooperate in any effort Meridian or the PepsiCo Plan make to obtain reimbursement from Farm Bureau, and Mr. Jarnagin has filed a separate lawsuit for other insurance benefits that Farm Bureau has refused to pay, pending as Case No. 20-6300-NF before the Hon. Jon Hulsing in Ottawa County Circuit Court.

30. As applicable to this case, a Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

31. Therefore, as a matter of law, the third-party tortfeasor who caused the crash injuring Mr. Jarnagin cannot be held responsible for the medical expenses that Mr. Jarnagin incurred as a result of his accident-related injuries.

32. Although Mr. Jarnagin's potential third-party recovery cannot include reimbursement of the medical expenses advanced by the PepsiCo Plan as a matter of law, it appears that Farm Bureau would be liable for the full amount of the claimed reimbursement by virtue of the terms recited in the PepsiCo Plan SPD.

33. Farm Bureau apparently has relied on the "excess medical" terms contained in its own insurance contract as a basis for denying payment of the PepsiCo Plan reimbursement claim.

34. The Farm Bureau insurance declarations applicable to Mr. Jarnagin indicate that Farm Bureau's coverage is "Excess Medical Payments," and the terms of the Farm Bureau insurance contract provide:

> If "Excess Medical Payments" is shown in the Declarations, it is agreed that all other insurance, service, benefit or reimbursement plans available to you or a family member are your primary sources of protection.

35. However, the Farm Bureau insurance contract also contains a provision that anticipates circumstances such as those present in this case:

> Please be aware that, in the event of a loss, a $500 deductible will apply, if your medical payments and/or work loss coverages are excess and the other Insurance policies: (1) have expired; (2) exclude medical benefits where the Injury is the result of an automobile accident; (3) stipulate that your automobile insurance policy must provide primary coverage; or (4) have a waiting period.

36. Here, because the terms of the PepsiCo Plan SPD "stipulate that your automobile insurance policy must provide primary coverage," Farm Bureau remains primary in order of priority, subject to a $500 deductible.

37. But Farm Bureau has refused to accept responsibility for reimbursing the PepsiCo Plan, and the PepsiCo Plan has refused to pursue its reimbursement claim against Farm Bureau.

38. Unless corrected, this conflict will leave Mr. Jarnagin without the protection of either the Farm Bureau PIP coverage or the health benefits under the PepsiCo Plan, potentially encumbering Mr. Jarnagin's potential third-party recovery with a subrogation lien for medical expenses.

39. Therefore, Mr. Jarnagin seeks this equitable and declaratory relief to protect his interests and determine the rights of the parties.

**Count I: Enforcement of ERISA Plan Terms**
**Pursuant to 29 U.S.C. § 1132(a)(3)**

40. Plaintiff restates all of the preceding allegations as incorporated herein.

41. ERISA authorizes plan participants such as Mr. Jarnagin to seek appropriate equitable relief to enforce the terms of a benefit plan pursuant to 29 U.S.C. § 1132(a)(3).

42. The PepsiCo Plan SPD contains coordination of benefits terms that expressly disavow coverage of any expenses that may be covered by no-fault automobile insurance such as the Farm Bureau PIP coverage.

43. Pursuant to the preemptive power of ERISA, the PepsiCo Plan SPD terms effectively nullify conflicting state law provisions, and the PepsiCo Plan SPD's express disavowal of benefits covered by no-insurance renders Farm Bureau's PIP coverage primary in the order of priority.

44. Therefore, it would be appropriate for the Court to enforce the terms of the PepsiCo Plan in accordance with 29 U.S.C. § 1132(a)(3), determining that Farm Bureau's PIP coverage is primary in the order of priority under the circumstances of this case.

45. It would also be appropriate for the Court to award Mr. Jarnagin the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff requests this Honorable Court to enforce the terms of the PepsiCo Plan in accordance with 29 U.S.C. §1132(a)(3), determining that Farm Bureau's PIP coverage is primary in the order of priority under the circumstances of this case, compelling Farm Bureau to reimburse the PepsiCo Plan for all applicable advanced expenses, and awarding Mr. Jarnagin the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

**<u>Count II: Enjoining Acts and Practices Violating ERISA Pursuant to 29 U.S.C. § 1132(a)(3)</u>**

46. Plaintiff restates all of the preceding allegations as incorporated herein.

47. ERISA authorizes plan participants and beneficiaries such as Mr. Jarnagin to enjoin any act or practice which violates any provision of ERISA. 29 U.S.C. § 1132(a)(3).

48. All benefit plans such as the PepsiCo Plan must be administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1).

49. The PepsiCo Plan has the right to pursue its claim for reimbursement directly against Farm Bureau in this case.

50. It would be inequitable and against the interests of Mr. Jarnagin as a plan participant for the PepsiCo Plan to pursue reimbursement against Mr. Jarnagin's third-party recovery, which cannot include compensation for medical expenses as a matter of law, when the PepsiCo Plan can be made whole by pursuing its claims directly against Farm Bureau.

51. Given this choice, ERISA requires the PepsiCo Plan to administer its terms "solely in the interest" of participants such as Mr. Jarnagin by choosing to pursue its claim for reimbursement directly against Farm Bureau and not against Mr. Jarnagin's third-party recovery.

52. Therefore, it would be appropriate for the Court to enjoin the PepsiCo Plan from asserting its reimbursement claim against Mr. Jarnagin's third-party recovery when the PepsiCo Plan can assert its reimbursement claim directly against Farm Bureau.

53. It would also be appropriate for the Court to award Mr. Jarnagin the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Mr. Jarnagin requests this Honorable Court to enjoin the PepsiCo Plan from asserting its reimbursement claim against Mr. Jarnagin's third-party recovery when the PepsiCo Plan can assert its reimbursement claim directly against Farm Bureau, and to award Mr. Jarnagin the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

**Count III: Reimbursement of Tort Lien by Farm Bureau**

54. Plaintiff restates all of the preceding allegations as incorporated herein.

55. Under the "Excess Medical Payments" terms of the Farm Bureau PIP coverage, other insurance and benefit plans are deemed "primary" to the extent that those benefit sources remain "available to you."

56. To the extent that the PepsiCo Plan has a right of reimbursement from Mr. Jarnagin's potential third-party recovery, the PepsiCo benefits are no longer "available to" Mr. Jarnagin within the meaning of the Farm Bureau insurance contract.

57. Therefore, it would be appropriate for the court to determine that Mr. Jarnagin is entitled to reimbursement from Farm Bureau for any expenses that Mr. Jarnagin must reimburse to the PepsiCo Plan from his potential third-party recovery.

Wherefore, Mr. Jarnagin requests this Honorable Court to determine that he is entitled to reimbursement from Farm Bureau for any expenses he must reimburse to the PepsiCo Plan from his tort recovery, together with any applicable costs, interest, and attorney fees.

Respectfully submitted,

*s/Robert B. June*
Robert B. June
Law Offices of Robert June, P.C.
Attorney for Plaintiff
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
Phone: (734) 481-1000
Primary E-Mail: bobjune@junelaw.com
Attorney Bar Number: P51149

Dated: April 18, 2021